IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
MAY 31 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CENTRAL ILLINOIS CARPENTERS        )
HEALTH & WELFARE TRUST FUND,       )
MID-CENTRAL REGIONAL COUNCIL       )
OF CARPENTERS, MID-CENTRAL         )
REGIONAL COUNCIL OF CARPENTERS     )
APPRENTICESHIP FUND, CENTRAL       )
ILLINOIS CARPENTERS ANNUITY        )
FUND, and CARPENTERS LOCAL 183,    )
                                   )
    Plaintiffs,                    )
                                   )
vs.                                )   No. 05-3135
                                   )
Robert Unes d/b/a R.J. UNES        )
CONSTRUCTION,                      )
                                   )
    Defendant.                     )

**COMPLAINT**

**COUNT I**
**(PAYROLL AUDIT)**

NOW COME Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, *et al.*, by its attorneys, Cavanagh & O'Hara, complaining of the Defendant, ROBERT UNES d/b/a R.J. UNES CONSTRUCTION, and allege as follows:

1.  This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, Section 1145.

2.  The Plaintiff Funds are employee benefit plans administered pursuant to the terms and conditions of the Agreements and Declarations of Trust creating said Fund and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974 (as amended),

29 U.S.C. §§1001 *et seq*. The address and place of business of the Plaintiff Funds is Central Illinois Carpenters Health & Welfare Trust Fund, 200 South Madigan Drive, Lincoln, Illinois 62656.

3. That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Sections 1002 (5), (11), (12), and (14). Defendant employs individuals who are members of, and represented by the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, and said individuals are participants in Plaintiffs' employee benefit funds, pursuant to a Collective Bargaining Agreement by and between the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, and Defendant. Said Collective Bargaining Agreement is attached hereto and made a part hereof as **Exhibit A**.

4. The Defendant's address is 8010-B North Sommer Street, Peoria, Illinois 61615.

5. The Defendant entered into a Participation Agreement which obligates the Defendant to make fringe benefit contributions to the aforementioned Funds. Said Participation Agreement is attached hereto and made a part hereof as **Exhibit B.**

6. Pursuant to ERISA, (U.S.C. Title 29, Section 1145), the Defendant is required to make contributions to the Funds in accordance with the terms and conditions of the Funds' Agreements and Declarations of Trust, and to pay liquidated damages in the event said contributions are not timely made. Said Agreement and Declaration of Trust is attached hereto and made a part hereof as **Exhibit C.**

7. Pursuant to the Collective Bargaining Agreement, attached hereto as **Exhibit A**, and the applicable Agreement and Declaration of Trust, attached hereto as **Exhibit C**, the Funds are authorized and empowered to examine the payroll books and records of the Defendant to determine whether an employer is making full payment as required under the Collective Bargaining Agreement.

8.  Further, Plaintiffs seek production of records for January 1, 2002 through the current date in order to determine the total amount due the Plaintiff Funds and Local 183.

9.  That pursuant to ERISA, 29 U.S.C. Section 1132(g)(2) and to the terms and conditions of the Agreement and Declaration of Trust (**Exhibit C**), the Defendant is liable for reasonable attorney fees and court costs and all other reasonable expenses incurred by the Funds in the collection of delinquent contributions and liquidated damages.

10. Attached hereto and incorporated herein as **Exhibit D**, is the Affidavit of James P. Moody in support of his request for attorney fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A.  That an account be taken by the Plaintiffs as to wages received and hours worked by Defendant's employees for the period of January 1, 2002 through current in order to determine amounts required to be paid by the Defendant to the Plaintiffs.

B.  That Defendant be decreed to pay to the Plaintiffs all such monies determined to be due, audit costs, liquidated damages and interest and statutory remedies, for all contributions due and owing at the time Judgment is entered.

C.  That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiffs, particularly to furnish to the Plaintiffs the required contribution reports and payments heretofore referred to, or in lieu thereof, a statement covering the period for which said report is required that Defendant had no employees for whom contributions are required to be made.

D.  That Defendant be decreed to pay all costs attendant to any audit of Defendant's payroll books and records pursuant to the respective Agreements and Declarations of Trust of the Plaintiffs.

E. That Defendant be decreed to pay to the Plaintiffs its reasonable attorney fees in the amount of $3,187.83, as provided by ERISA, 29 U.S.C. Section 1132(g)(2) and the respective Agreements and Declarations of Trust of the Plaintiffs.

F. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## COUNT II
## (DELINQUENT CONTRIBUTIONS)

NOW COME Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, ROBERT UNES d/b/a R.J. UNES CONSTRUCTION, and allege as follows:

11. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 10 of this Complaint against Defendant as if fully restated herein.

12. Defendant has failed to submit contribution reporting forms and payments of Count I for October 2004 through current. Plaintiffs have determined the known delinquent contributions owed by Defendant to Plaintiffs to be $21,217,63. A breakdown of such delinquencies are attached hereto and made a part hereof as Plaintiffs' **Exhibit E.**

13. Despite Defendant's obligations under the Agreements to make contributions to the Funds, Defendant has failed to make the required payments to the Fund.

14. That Plaintiffs have made continuous demands upon the Defendant for the reporting forms and contributions due, but Defendant has refused to satisfy said demands. The demands are attached hereto and made a part hereof as **Exhibit F.**

15. That pursuant to ERISA, 29 U.S.C. Section 1132(g)(2) and to the terms of the

Agreement and Declaration of Trust (**Exhibit C**), the Defendant is liable for reasonable attorney fees and court costs and all other reasonable expenses incurred by the Funds in collection of delinquent contributions and liquidated damages.

WHEREFORE, Plaintiffs pray as follows:

A. That Judgment be entered in favor of the Plaintiffs and against Defendant for its employee contributions, liquidated damages, and interest in the amount of $21,217.63.

B. That Judgment be entered in favor of the Plaintiffs and against Defendant for its employee contributions for the period of October 2004 through current; plus pre-judgment interest, liquidated damages in the amount of 20% of the entire delinquency; and further, that Judgment be awarded for any additional months in which contributions, at the time of Judgment have not been remitted to the Fund, plus reasonable attorney fees incurred by Plaintiffs in prosecuting this claim.

C. That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiffs.

D. That Defendant be decreed to pay to the Plaintiffs its reasonable attorney fees incurred in the prosecution of this action in the amount of $3,187.83, as provided by ERISA, 29 U.S.C. Section 1132(g)(2) and the Trust Agreement.

E. That Defendant be decreed to pay all costs attendant to the cost of these proceedings.

F. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

CENTRAL ILLINOIS CARPENTERS HEALTH &
WELFARE TRUST FUND, *et al.*, Plaintiffs,


By:  s/ JAMES P. MOODY
    JAMES P. MOODY
    **CAVANAGH & O'HARA**
    Attorneys for Plaintiffs
    1609 North Illinois Street
    Swansea, Illinois 62226
    Telephone:   (618) 222-5945
    Facsimile:   (618) 222-6755
    jim@cavanagh-ohara.com