**E-FILED**
Tuesday, 31 May, 2005 03:37:30 PM
Clerk, U.S. District Court, ILCD

CENTRAL ILLINOIS CARPENTERS
HEALTH AND WELFARE TRUST FUND

### AS AMENDED AND RESTATED EFFECTIVE MAY 1, 1997

WHEREAS, an Agreement and Declaration of Trust was entered into on March 24, 1988 between Builders Association of Tazewell County, Central Illinois Builders of A.G.C., McLean County Contractors Group, Greater Peoria Contractors and Suppliers Association, Inc., and Associated General Contractors of Illinois, (said Associations being hereinafter referred to individually and collectively as the "Association"), on behalf of themselves and their Employers members and the Mid-Central Illinois District Council of Carpenters AFL-CIO for itself, and on behalf of the local unions under its jurisdiction, all of which are affiliated with the United Brotherhood of Carpenters and Joiners of America (hereinafter referred to as the "Union"), restating the Central Illinois Carpenters Health and Welfare Trust Fund (hereinafter referred to as the "Trust Agreement");

WHEREAS, Article VIII of Trust Agreement provides that the Trustees may amend Trust Agreement by a vote of three (3) Employer Trustees and three (3) Employee Trustees;

WHEREAS, on January 9, 1997, three (3) Employer Trustees and five (5) Employee Trustees voted to amend and restate the Trust Agreement as herein stated and said Trust Agreement, as amended and restated, shall be the Agreement between the parties, effective May 1, 1997.

### ARTICLE I

### Name of Trust

The Agreement and Declaration of Trust shall be known as the CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND.

### ARTICLE II

### Definitions

1.    "Basic Agreement" means the collective bargaining agreement or other written agreement between the Association, or an Employer and the Union requiring contributions to the Fund.

1



EXHIBIT
C

2. "Participation Agreement" means the written agreement between an Employer and the Fund, allowing the Employer to make contributions to the Fund on behalf of its employees.

3. "Employer" means any person, corporation, or partnership who has a collective bargaining agreement in effect with the Union requiring contributions to the Fund and shall include the Union, this Trust and other Mid-Central Illinois District Council of Carpenters Trust Funds when same contribute on behalf of its Employees. Further, Employer means any person, corporation, or partnership who has a Participation Agreement with the Fund.

4. "Employee" means any person in the employ of an Employer who is covered under a collective bargaining agreement in effect with the Union, and on whose behalf the Employer is required to make contributions to the Fund, and shall include paid Employees of the Union, this Trust and other Mid-Central Illinois District Council of Carpenters Trust Funds who are regularly employed not less than forty (40) hours per week. Further, Employee means any person in the employ of an Employer who has a Participation Agreement in effect with the Fund, and on whose behalf the Employer is allowed to make contributions to the Fund.

5. "Trustees" means the Trustees of this Agreement and Declaration of Trust, together with their successors designated in the manner provided by Paragraph 10 of Article VI of this Agreement and Declaration of Trust.

6. "Policies" means the policy or policies of insurance issued pursuant to this Agreement and Declaration of Trust and accepted by the Trustees as part of the Fund and all other policies of insurance accepted by the Trustees as part of such Fund. The term "Policy" or "Policies," as used herein, shall be deemed to include any amendments or riders attached to such Policy or Policies.

7. "Employer Contributions" means payments by Employers to the Fund as provided by the Basic Agreement or the Participation Agreement.

8. "Fund" means the trust estate of the Central Illinois Carpenters Health and Welfare Trust Fund which shall consist of all policies, together with all dividends, refunds or other sums payable to the Trustees on account of such Policies, all investments made and held by the Trustees, all monies received by the Trustees as Employer Contributions or as income from investments made and held by the Trustees or otherwise, and any other property received and held by the Trustees for uses, purposes, and trusts set forth in this Agreement and Declaration of Trust.

9. "Retired Employee" means a person on whose behalf an Employer is no longer required to make contributions to the Fund because of such person's retirement from active employment with

2

that Employer because of age or disability.

10.  "Union" means the Mid-Central Illinois District Council of Carpenters AFL-CIO for itself, and on behalf of the local unions under its jurisdiction, all of which are affiliated with the United Brotherhood of Carpenters and Joiners of America; Local Union No. 8, of the Bricklayers and Allied Craftsman International Union, Decatur, Illinois (Chapter 13) and Operative Plasterers' and Cement Masons' Local No. 103, Decatur, Illinois.

## ARTICLE III

### Purpose of the Trust and Application of the Fund

1.  The Fund is created for the purpose of providing such amounts of health and welfare benefits for Employees, Retired Employees and their dependents, as the Trustees may determine.

2.  The Trustees shall use and apply the Fund for the following purposes:

(a)  To pay or provide for the payment of all reason- able and necessary expenses of collecting Employer Contributions and administering the affairs of the Fund, including, but without limitation, all reasonable expenses which may be incurred in connection with the establishment of the Fund, the employment of such administrative, legal, expert and clerical assistance, the leasing of such premises and the purchase or lease of such material, supplies and equipment as is reasonable and necessary.

(b)  To pay or provide for the payment of premiums on the Policy or Policies when such premiums shall become due.

(c)  To establish and accumulate as part of the Fund an adequate reserve to carry out the purpose of the Trust.

(d)  To provide for any welfare benefits directly from monies of the Fund as the Trustees may determine.

3.  All monies received by the Trustees hereunder as part of the Fund shall be deposited by them in such bank or banks as the Trustees may designate for that purpose and all withdrawals of monies from such bank or banks shall be made only by check signed by a person or persons authorized by the Trustees to sign and countersign. The Trustees shall invest and reinvest such part of the Fund with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would do in the conduct of an enterprise of a like character and with like aims. The Trustees shall diversify investments of the Fund so as to minimize the risk of large losses, unless, under the circum- stances, it is clearly prudent not to do so.

3

4.    Every Trustee of the Trust and every person who handles funds or other property of the Fund shall be bonded for each fiscal year of the Trust in an amount not less than that which is required by applicable federal law or regulations

## ARTICLE IV

### Collections of Contributions

1.    The Trustees shall have the power to demand, collect, sue for and receive (i) Employer contributions, (ii) Employee contributions, and (iii) contributions payable under any Reciprocity Agreement between other Health and Welfare Trust Funds and the Trustees, and shall hold such monies as part of the Fund for the purpose specified in Paragraph 1 of Article III hereof.  In accordance with the policy of the Trustees, any Employer or Employee who fails to make contributions to the Fund, as required, shall be liable for interest on the unpaid contribution, liquidated damages in an amount not to exceed twenty percent (20%) of the unpaid contribution, and costs of collecting the unpaid contribution, including reasonable attorney fees.

2.    The Employer shall make all reports and contributions required by the Trustees.  Each Employer shall promptly furnish to the Trustees, on demand, the names of all persons employed by him, their Social Security numbers, the hours worked by each such person, and such other information as the Trustees may reasonably require in connection with the administration of the Fund.  The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other person or persons as designated by the Trustees, of the payroll of any Employer in connection with the said contributions and/or reports.  All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Trustees from the beginning of such Employer's participation in the Fund, unless given written authorization for variance by the Trustees, and all such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees.  All Employers are required to designate the classification of all persons in his employment at a time contemporaneous with the reporting of hours worked or wages paid, and if the Employer fails to do so, the Trustees shall conduct an investigation for the purpose of determining the classification of such persons and the results of said investigation shall be conclusive for the purpose of determining whether an individual is a person on whom the Employer is required to pay contributions.

3.    In the event it becomes necessary for the Fund or Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit of the Employer's books and records, the Employer shall be liable for all reasonable costs incurred therein including court costs, attorneys

4

fees, filing fees, audit costs, and any other expenses actually incurred by the Trustees in the course of action without regard to whether the Employer owed any delinquent contributions.

## ARTICLE V

### Administration of the Fund

The Fund shall be administered by ten (10) Trustees who shall have authority to control and manage the operation and administration of the Fund. Five (5) Trustees shall be designated as Employer Trustees, and five (5) Trustees shall be designated as Employee Trustees. The five (5) Employer Trustees shall be chosen by the five (5) Associations who are signatories to this Agreement and Declaration of Trust as follows: Central Illinois Builders of A.G.C. shall choose one (1) Employer Trustee, McLean County Contractor Group shall choose one (1) Employer Trustee, Associated General Contractors of Illinois shall choose one (1) Employer Trustee, Builders Association of Tazewell County shall choose one (1) Employer Trustee, and Greater Peoria Contractors and Suppliers Association shall choose one (1) Employer Trustee. The five (5) Employee Trustees shall be chosen by the Mid-Central Illinois District Council of Carpenters AFL-CIO with the Employee Trustees being selected from participating Local Unions. One (1) of the Trustees shall be appointed as Chairman of the Fund, and one (1) of the Trustees shall be appointed as Secretary-Treasurer, provided, however, that, if the Chairman is an Employer Trustee, then the Secretary-Treasurer shall be an Employee Trustee and, if the Chairman is an Employee Trustee, then the Secretary-Treasurer shall be an Employer Trustee. The Trustees may appoint an Administrator, who shall serve at the pleasure of the Trustees.

## ARTICLE VI

### Concerning the Trustees

1.    The Trustees shall establish a Welfare Plan to provide benefits thereunder for Employees, Retired Employees under the age of sixty-five (65) and their dependents. The Trustees shall have the power to determine the conditions of eligibility, benefits to be paid and to construe the provisions under such Welfare Plan.

2.    The Trustees shall have power to construe the provisions of this Agreement and Declaration of Trust and the terms used herein.

3.    The Trustees shall not receive compensation for the performance of their duties, but shall be reimbursed for expenses properly and actually incurred in the performance of their duties as Trustees.

5

4.    The Trustees shall promulgate such rules and regula-
tions as may be necessary for the sound and efficient adminis-
tration of the Fund and the Welfare Plan.  The Trustees shall
establish a Claims Procedure which shall provide adequate notice,
in writing, to any participant or beneficiary whose claim for
benefits has been denied, setting forth the specific reason for
such denial, written in a manner, calculated to be understood by
the participant, and afford a reasonable opportunity to any
participant or beneficiary whose claim for benefits has been
denied for a full and fair review by the Trustees of the decision
denying the claim.

5.    The Trustees may enter into Reciprocity Agreements with
other Health and Welfare Trust Funds.

6.    The Trustees shall keep true and accurate books of
account and records of all their transactions, which shall be
audited annually, or oftener, by a certified public accountant.
A statement of the results of such audit shall, at all times, be
available for inspection by interested persons at the principal
office of the Fund, and the Trustees shall make such reports and
filings as are required by law.

7.    Each Trustee shall continue to serve as such until his
death, incapacity, resignation, or removal as herein provided.

8.    A Trustee may resign upon giving thirty (30) days'
notice in writing to the remaining Trustees, or such shorter
notice as the remaining Trustees may accept as sufficient.  The
resignation shall take effect on the date specified in the
notice, unless a successor Trustee shall have been appointed at
an earlier date, in which event such resignation shall take
effect immediately upon the appointment of such successor
Trustee.  A Trustee shall not be liable for a breach of fiduciary
duty if such breach was committed before he became a fiduciary or
after he ceased to be a fiduciary.

9.    An Employer Trustee may be removed from office at any
time by a resolution of the Board of Directors of the Association
which chose such Employer Trustee, duly certified by the Presi-
dent of such Association and delivered to all of the Employer
Trustees.  An Employee Trustee may be removed from office at any
time by a resolution of the Executive Board of the Mid-Central
Illinois District Council of Carpenters and delivered to all of
the Employee Trustees.

10.   (a)  In case any of the Employer Trustees shall die,
become incapable of acting hereunder, resign or be removed, a
successor Employer Trustee shall immediately be appointed by the
Association who nominated such Employer Trustee, through a
resolution of the Board of Directors, thereof duly certified by
the President thereof.  If a successor Employer Trustee is not
appointed by the Association who nominated such Employer Trustee
within sixty (60) days after the death, incapacity, resignation

6

or removal of the Employer Trustee, then the remaining Employer Trustees serving hereunder shall have the authority to appoint a successor Employer Trustee to represent said Association.

(b)  In case any of the Employee Trustees shall die, become incapable of acting hereunder, resign or be removed, a successor Employee Trustee shall be immediately appointed by the Mid-Central Illinois District Council of Carpenters, through a resolution of its Executive Board, duly certified by the President thereof.

(c)  It is the intention hereof that the Fund shall, at all times, be administered by an equal number of Employer Trustees and Employee Trustees but, until the appointment of a successor Trustee or Trustee as hereinabove provided, the remaining Trustees shall have full power to act, provided that, at all times, there shall be at least three (3) Employer Trustees and three (3) Employee Trustees.

11.  Any successor Employer Trustee or any successor Employee Trustee shall immediately, upon his appointment as a successor Trustee and his acceptance of the Trusteeship in writing, become vested with all the property, rights, power, and duties of a Trustee hereunder with like effect as if originally named as a Trustee.

12.  (a)  Except as provided under Paragraph 1 of Article VIII, action may be taken by the Trustees by a majority vote of the Trustees attending a meeting of the Trustees.  At least three (3) Employer Trustees and three (3) Employee Trustees must be present at a meeting at which time such action is taken.  Any and all actions so taken shall have the same effect and force as if taken by all of the Trustees.

(b)  The Chairman or Secretary-Treasurer of the Trustees may call a meeting of the Trustees at any time by giving at least five (5) days' written notice of the time and place thereof to the remaining Trustees.  Any three (3) Trustees may call a meeting of the Trustees at any time by giving at least ten (10) days' written notice of the time and place thereof to the remaining Trustees.  Meetings of the Trustees may also be held at any time without notice if all of the Trustees consent thereto.

(c)  Action by the Trustees may also be taken by them in writing without a meeting, provided, however, that, in such cases, there shall be unanimous written concurrence by all of the Trustees then in office, including at least three (3) Employer Trustees and three (3) Employee Trustees.

(d)  If the Trustees are unable to agree on any necessary action within ten (10) days, the matter shall be settled by arbitration in accordance with the procedures established by Title 29, Section 186 (c)(5)(B) of The United States Code.

7

13.   The Trust and the Trustees shall be bound by the signature of any two (2) Trustees, one of whom shall be an Employer Trustee and one of whom shall be an Employee Trustee, provided such Trustees are acting pursuant to authority granted them by the Board, and all persons, partnerships, corporations or associations may reply thereon that such instrument has been duly authorized.

14.   Each Trustee shall have one (1) vote on all matters, provided, however, if there are an unequal number of Employee Trustees and Employer Trustees present at any meeting, then, and in that event, the group of Trustees being the lesser in number shall be entitled to cast an equal number of votes as the group that has the larger number present at any such meeting.

15.   The Trustees may purchase and provide insurance for any fiduciary of the Fund or for the Trust to cover liabilities or losses which may, or could, occur by reason of the act or omission of any such fiduciary, if such insurance permits recourse by the insurer against the fiduciary in the case of a breach of a fiduciary obligation by such fiduciary.

16.   The Administrator shall be the agent for legal service of process for purposes of the Fund.  If an Administrator has not been appointed by the Trustees, then the Chairman of the Fund shall be the agent for legal service.

## ARTICLE VII

### Termination of Individual Employers

1.   The Trustees shall have the power in their discretion to terminate the relationship of an Employer as a party to this Agreement and Declaration of Trust whenever the Employer fails to make an Employer Contribution on the date when due or within the period of time allowed for the payment thereof.  An Employer shall also cease to be a party to this Agreement and Declaration of Trust whenever such Employer no longer qualifies as an Employer as defined in paragraph 2 of Article II hereunder.

2.   Any provision to the contrary notwithstanding, the Trustees may, for the purpose of any one or more of the coverages provided under its Welfare Plan, continue with an Employer whose collective bargaining agreement with the Union has terminated, for a limited period thereafter as specified herein, as an Employer is defined in Paragraph 2 of Article II hereunder.

8

## ARTICLE VIII

### Amendments

1.    This Agreement and Declaration of Trust and the Welf[...]
Plan, established by the Trustees, may be amended to any extent
at any time, or from time to time, by the vote of six (6) Trus-
tees, three (3) of whom shall be Employer Trustees and three (3[...]
of whom shall be Employee Trustees, except that no amendment
shall divert the Fund as then constituted or any part thereof, t[...]
a purpose other than as set forth in Paragraph 1 of Article III
of this Agreement and Declaration of Trust, nor shall there be
any amendment as a result of which there would not be an equal
number of Employee Trustees and Employer Trustees.

2.    Any action taken by the Trustees pursuant to Paragraph
1 of this Article VIII may be taken either at a meeting called in
accordance with the provisions of Paragraph 12 of Article VI of
this Agreement and Declaration of Trust, or in writing without a
meeting.

3.    No amendment effecting the rights of a party signatory
to appoint a Trustee under this Agreement and Declaration of
Trust is effective until such party signatory consents to such
amendment.

## ARTICLE IX

### Termination of This Trust

1.    This Trust may be terminated when there is no longer in
force a Basic Agreement between Association, or any Employer and
the Union requiring Employer payments for the purpose hereinabove
provided.

The Trust may be terminated at any time by the unanimous
vote of all Trustees provided, at that time, under this Agreement
and Declaration of Trust, and such action may be taken either at
a meeting called in accordance with the provisions of Paragraph
12 of Article VI of this Agreement and Declaration of Trust, or
in writing without a meeting.    The Trust may also be terminated
by:

> (a)    A resolution of the Executive Board of the
> Mid-Central Illinois District Council of
> Carpenters, and

> (b)    Concurring resolutions of the Board of
> Directors of all the Associations.

2.    In the event of termination of the Trust, the Trustees
shall apply the Fund to pay any and all obligations of the Trust,
and distribute and apply any remaining surplus in such manner as

will not contravene any provision of applicable law.  In no event will any remaining surplus of the Fund revert to any Employer or Union.

3.    Upon termination of the Trust, the Trustees shall forthwith notify each Employer, and shall continue as Trustees for the purpose of dissolution, and may take action with regard to any Policy or Policies which may be appropriate or required by the insurance carrier or carriers of such Policy or Policies.  In any such action by the Trustees, the insurance carrier or carriers of the Policy or Policies may rely upon the signature of a majority of all the Trustees then in office under this Agreement and Declaration of Trust.

## ARTICLE X

### Miscellaneous Provisions

1.    No Employee, nor any person claiming by or through such Employee by reason of having been named a beneficiary in a certificate, or otherwise, nor any Employer nor the Union or any other persons, partnership, corporation or association shall have any right, title, or interest in or to the Fund or any part thereof.

2.    No persons, partnership, corporation or association dealing with the Trustees shall be obligated to see to the application of any funds or property of the Trust or to see that the terms of the Trust have been complied with or be obliged to inquire into the necessity of expediency of any act of the Trustees, and every instrument effected by the Trustees shall be conclusive in favor of any person, partnership, corporation, or association relying thereon that:

> (a)  at the time of the delivery of said instrument, the Trust was in full force and effect;

> (b)  The Trustees were duly authorized and empowered to execute such instrument; and

> (c)  said instrument was effected in accordance with the terms and conditions of this Agreement and Declaration of Trust.

## ARTICLE XI

### Situs and Construction of Trust

1.    To the extent state law shall not have been pre-empted by the provisions of the Employee Retirement Income Security Act of 1974 or any other laws of the United States heretofore or hereinafter enacted, as the same may be amended from time to

10

time, this Agreement and Declaration of Trust shall be admin-
istered, construed, and enforced according to the laws of the
State of Illinois.

2.    Wherever any words are used in this Agreement and
Declaration of Trust in the masculine gender, they shall be
construed as though they were also used in the feminine or neuter
gender in all situations where they would so apply, and wherever
any words are used in this Agreement and Declaration of Trust in
the singular form, they shall be construed as though they were
also used in the plural form in all situations where they would
so apply, and wherever any words are used in this Agreement and
Declaration of Trust in the plural form, they shall be construed
as though they were also used in the singular form in all
situations where they would so apply.

### ARTICLE XII

#### Subrogation

In the event of any payment of welfare benefits under
Policies or directly by the Fund, the Trustees shall be sub-
rogated to all the rights of recovery therefore which the person
receiving such payment may have against any party, and such
person shall do whatever is necessary to secure such rights.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hand as of this __27__ day of __MARCH__, 1997.

BUILDERS ASSOCIATION OF TAZEWELL COUNTY

By: _____

CENTRAL ILLINOIS BUILDERS OF A.G.C.

By: _____

McLEAN COUNTY CONTRACTORS GROUP

By: _____

GREATER PEORIA CONTRACTORS AND SUPPLIERS ASSOCIATION

By: _____

ASSOCIATION GENERAL CONTRACTORS OF ILLINOIS

By: _____

MID-CENTRAL ILLINOIS DISTRICT COUNCIL OF CARPENTERS

By: _____
                    PRESIDENT

By: _____
                    SECRETARY

12

IN WITNESS WHEREOF, the undersigned, being all of the Trustees of the CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, have hereto set their hands as of the _27_ day of ____MARCH____, 1997.

17-1/df/rev.cm

13

3:05-cv-03135-JES-BGC    # 1-5    Page 14 of 34

AMENDMENT "D" TO
CENTRAL ILLINOIS CARPENTERS
HEALTH AND WELFARE TRUST FUND
AS AMENDED AND RESTATED EFFECTIVE DECEMBER 1, 1987

WHEREAS, an Agreement and Declaration of Trust was entered into on March 24, 1988, effective December 1, 1987, between Builders Association of Tazewell County, Central Illinois Builders of A.G.C., McLean County Contractors Group, Greater Peoria Contractors and Suppliers Association, Inc. and Associated General Contractors of Illinois, (said Associations being hereinafter referred to individually and collectively as the "Association"), on behalf of themselves and their Employer members and the Mid-Central Illinois District Council of Carpenters AFL-CIO for itself, and on behalf of the local unions under its jurisdiction, all of which are affiliated with the United Brotherhood of Carpenters and Joiners of America, restating the Central Illinois Carpenters Health and Welfare Trust Fund (hereinafter referred to as the "Trust Agreement");

WHEREAS, ARTICLE VIII of Trust Agreement provides that the Trustees may amend Trust Agreement by a vote of three (3) Employer Trustees and three (3) Employee Trustees;

WHEREAS, on January 9, 1997, three (3) Employer Trustees and five (5) Employee Trustees voted to amend the Trust Agreement as herein stated;

NOW THEREFORE, pursuant to ARTICLE VIII of the Trust Agreement, the Trustees hereby amend the Trust Agreement, effective October 1, 1996, as follows:

"   I.   ARTICLE V shall be amended to read as follows:

## Administration of the Fund

The Fund shall be administered by ten (10) Trustees who shall have authority to control and manage the operation and administration of the Fund. Five (5) Trustees shall be designated as Employer Trustees, and five (5) Trustees shall be designated as Employee Trustees. The five (5) Employer Trustees shall be chosen by the five (5) Associations who are signatories to this Agreement and Declaration of Trust as follows: Central Illinois Builders of A.G.C. shall choose one (1) Employer Trustee, McLean County Contractor Group shall choose one (1) Employer Trustee, Associated General Contractors of Illinois shall choose one (1) Employer Trustee, Builders Association of Tazewell County shall choose one (1) Employer Trustee and Greater Peoria Contractors and Suppliers Association shall choose one (1) Employer Trustee. The five (5) Employee Trustees shall be chosen

1

by the Mid-Central Illinois District Council of Carpenters AFL-CIO with the Employee Trustees being selected from participating Local Unions. One (1) of the Trustees shall be appointed as Chairman of the Fund, and one (1) of the Trustees shall be appointed as Secretary-Treasurer, provided, however, that, if the Chairman is an Employer Trustee, then the Secretary-Treasurer shall be an Employee Trustee and, if the Chairman is an Employee Trustee, then the Secretary-Treasurer shall be an Employer Trustee. The Trustees may appoint an Administrator, who shall serve at the pleasure of the Trustees.

" II. ARTICLE VI, Paragraph 9, shall be amended to read as follows:

An Employer Trustee may be removed from office at any time by a resolution of the Board of Directors of the Association which chose such Employer Trustee, duly certified by the President of such Association and delivered to all of the Employer Trustees. An Employee Trustee may be removed from office at any time by a resolution of the Executive Board of the District Council, duly certified by the Secretary-Treasurer of the District Council and delivered to all of the Employee Trustees.

IN WITNESS WHEREOF, the undersigned, being all of the Trustees of the CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, have hereto set their hands as of the _9_ day of _January_, 1997.

(4E) 4-228/cm

2

### AMENDMENT "C" TO
### CENTRAL ILLINOIS CARPENTERS
### HEALTH AND WELFARE TRUST FUND
### AS AMENDED AND RESTATED EFFECTIVE DECEMBER 1, 1987

WHEREAS, an Agreement and Declaration of Trust was entered into on March 24, 1988, effective December 1, 1987, between Builders Association of Tazewell County, Central Illinois Builders of A.G.C., McLean County Contractors Group, Greater Peoria Contractors and Suppliers Association, Inc. and Associated General Contractors of Illinois, (said Associations being hereinafter referred to individually and collectively as the "Association"), on behalf of themselves and their Employer members and the Mid-Central Illinois District Council of Carpenters AFL-CIO for itself, and on behalf of the local unions under its jurisdiction, all of which are affiliated with the United Brotherhood of Carpenters and Joiners of America, restating the Central Illinois Carpenters Health and Welfare Trust Fund (hereinafter referred to as the "Trust Agreement");

WHEREAS, ARTICLE VIII of Trust Agreement provides that the Trustees may amend Trust Agreement by a vote of three (3) Employer Trustees and three (3) Employee Trustees;

WHEREAS, on March 24, 1994, three (3) Employer Trustees and three (3) Employee Trustees voted to amend the Trust Agreement as herein stated;

NOW THEREFORE, pursuant to ARTICLE VIII of the Trust Agreement, the Trustees hereby amend the Trust Agreement, effective March 24, 1994, as follows:

"    I.    ARTICLE V shall be amended to read as follows:

#### Administration of the Fund

The Fund shall be administered by ten (10) Trustees who shall have authority to control and manage the operation and administration of the Fund. Five (5) Trustees shall be designated as Employer Trustees, and five (5) Trustees shall be designated as Employee Trustees. The five (5) Employer Trustees shall be chosen by the five (5) Associations who are signatories to this Agreement and Declaration of Trust as follows: Central Illinois Builders of A.G.C. shall choose one (1) Employer Trustee, McLean County Contractor Group shall choose one (1) Employer Trustee, Associated General Contractors of Illinois shall choose one (1) Employer Trustee, Builders Association of Tazewell County shall choose one (1) Employer Trustee and Greater Peoria Contractors and Suppliers Association shall choose one (1) Employer Trustee. The five (5) Employee Trustees shall be chosen by the Mid-Central Illinois District Council of Carpenters AFL-CIO with one (1) Employee Trustee being selected from each of

1

the following Local Unions:   Local Union #63 (Bloomington, Illinois);   Local Union #183 (Peoria, Illinois); Local Union #644 (Pekin, Illinois); and Millwright Local #1051 (Springfield, Illinois).    One (1) of the Trustees shall be appointed as Chairman of the Fund, and one (1) of the Trustees shall be appointed as Secretary-Treasurer, provided, however, that, if the Chairman is an Employer Trustee, then the Secretary-Treasurer shall be an Employee Trustee and, if the Chairman is an Employee Trustee, then the Secretary-Treasurer shall be an Employer Trustee.    The Trustees may appoint an Administrator, who shall serve at the pleasure of the Trustees.

IN WITNESS WHEREOF, the undersigned, being all of the Trustees of the CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, have hereto set their hands as of the _23_ day of _____ June _____, 1994.

2

**AMENDMENT "B" TO
CENTRAL ILLINOIS CARPENTERS
HEALTH AND WELFARE TRUST FUND
AS AMENDED AND RESTATED EFFECTIVE DECEMBER 1, 1987**

WHEREAS, an Agreement and Declaration of Trust was entered into on March 24, 1988, effective December 1, 1987, between Builders Association of Tazewell County, Central Illinois Builders of A.G.C., McLean County Contractors Group, Greater Peoria Contractors and Suppliers Association, Inc. and Associated General Contractors of Illinois, (said Associations being hereinafter referred to individually and collectively as the "Association"), on behalf of themselves and their Employer members and the Mid-Central Illinois District Council of Carpenters AFL-CIO for itself, and on behalf of the local unions under its jurisdiction, all of which are affiliated with the United Brotherhood of Carpenters and Joiners of America, restating the Central Illinois Carpenters Health and Welfare Trust Fund (hereinafter referred to as the "Trust Agreement");

WHEREAS, Article VIII of Trust Agreement provides that the Trustees may amend Trust Agreement by a vote of three (3) Employer Trustees and three (3) Employee Trustees;

WHEREAS, on March 22, 1990, three (3) Employer Trustees and three (3) Employee Trustees voted to amend the Trust Agreement as herein stated;

NOW THEREFORE, pursuant to Article VIII of the Trust Agreement, the Trustees hereby amend the Trust Agreement, effective _January 1_____, 1990, as follows:

I.    Article IV shall be amended to read as follows:

ARTICLE IV

Collections of Contributions

1.    The Trustees shall have the power to demand, collect, sue for and receive (i) Employer contributions, (ii) Employee contributions and (iii) contributions payable under any Reciprocity Agreement between other Health and Welfare Trust Funds and the Trustees, and shall hold such monies as part of the Fund for the purpose specified in paragraph 1 of Article III hereof.    In accordance with the policy of the Trustees, any Employer or Employee who fails to make contributions to the Fund, as required, shall be liable for interest on the unpaid contribution, liquidated damages in an amount not to exceed twenty percent (20%) of the unpaid contribution and costs of collecting the unpaid contribution, including reasonable attorney fees.

AMENDMENT "A" TO
### CENTRAL ILLINOIS CARPENTERS
### HEALTH AND WELFARE TRUST FUND
## AS AMENDED AND RESTATED EFFECTIVE DECEMBER 1, 1987

WHEREAS, an Agreement and Declaration of Trust was entered into on March 24, 1988, effective December 1, 1987, between Builders Association of Tazewell County, Central Illinois Builders of A.G.C., McLean County Contractors Group, Greater Peoria Contractors and Suppliers Association, Inc. and Associated General Contractors of Illinois, (said Associations being hereinafter referred to individually and collectively as the "Association"), on behalf of themselves and their Employer members and the Mid-Central Illinois District Council of Carpenters AFL-CIO for itself, and on behalf of the local unions under its jurisdiction, all of which are affiliated with the United Brotherhood of Carpenters and Joiners of America, restating the Central Illinois Carpenters Health and Welfare Trust Fund (hereinafter referred to as the "Trust Agreement");

WHEREAS, Article VIII of Trust Agreement provides that the Trustees may amend Trust Agreement by a vote of three (3) Employer Trustees and three (3) Employee Trustees;

WHEREAS, on January 17, 1990, three (3) Employer Trustees and three (3) Employee Trustees voted to amend the Trust Agreement as herein stated;

NOW THEREFORE, pursuant to Article VIII of the Trust Agreement, the Trustees hereby amend the Trust Agreement, effective February 1, 1990 as follows:

I.   Article II, Section 10 shall be added to read as follows:

10.   "Union" means the Mid-Central Illinois District Council of Carpenters AFL-CIO for itself, and on behalf of the local unions under its jurisdiction, all of which are affiliated with the United Brotherhood of Carpenters and Joiners of America; Local Union No. 13, of the Bricklayers and Allied Craftsman International Union, Decatur, Illinois and Operative Plasterers' and Cement Masons' Local NO. 103, Decatur, Illinois."

IN WITNESS WHEREOF, the undersigned, being all of the Trustees of the CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, have hereto set their hands as of the $2/$ day of June, 1990.

2.  The Employer shall make all reports and contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of all persons employed by him, their Social Security numbers, the hours worked by each such person, and such other information as the Trustees may reasonably require in connection with the administration of the Fund. The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other person or persons as designated by the Trustees, of the payroll of any Employer in connection with the said contributions and/or reports. All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Trustees from the beginning of such Employer's participation in the Fund, unless given written authorization for variance by the Trustees, and all such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees. All Employers are required to designate the classification of all persons in his employment at a time contemporaneous with the reporting of hours worked or wages paid and if the Employer fails to do so, the Trustees shall conduct an investigation for the purpose of determining the classification of such persons and the results of said investigation shall be conclusive for the purpose of determining whether an individual is a person on whom the Employer is required to pay contributions.

3.  In the event it becomes necessary for the Fund or Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit of the Employer's books and records, the Employer shall be liable for all reasonable costs incurred therein including court costs, attorneys fees, filing fees, audit costs and any other expenses actually incurred by the Trustees in the course of action without regard to whether the Employer owed any delinquent contributions.

IN WITNESS WHEREOF, the undersigned, being all of the Trustees of the CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, have hereto set their hands as of the _21_ day of _____ 1990.

_____          _____

_____          _____

_____          _____

_____          _____

_____

2

## CENTRAL ILLINOIS CARPENTERS

## HEALTH AND WELFARE TRUST FUND

## AS AMENDED AND RESTATED EFFECTIVE DECEMBER 1, 1987

WHEREAS, an Agreement and Declaration of Trust was entered into on March 25, 1985 between Builders Association of Tazewell County, Central Illinois Builders of A.G.C., McLean County Contractors Group, Greater Peoria Contractors and Suppliers Association, Inc. and Associated General Contractors of Illinois, (said Associations being hereinafter referred to individually and collectively as the "Association"), on behalf of themselves and their Employers members and the Mid Central Illinois District Council of Carpenters AFL-CIO for ·itself, and on behalf of the local unions under its jurisdiction, all of which are affiliated with the United Brotherhood of Carpenters and Joiners of America (hereinafter referred to as the "Union"), restating the Central Illinois Carpenters Health and Welfare Trust Fund (hereinafter referred to as the "Trust Agreement");

WHEREAS, Article VIII of Trust Agreement provides that the Trustees may amend Trust Agreement by a vote of four (4) Employer Trustees and four (4) Employee Trustees;

WHEREAS, on November 11, 1987, four (4) Employer Trustees and four (4) Employee Trustees voted to amend and restate the Trust Agreement as herein stated and said Trust Agreement, as amended and restated, shall be the Agreement between the parties, effective December 1, 1987.

### ARTICLE I

### Name of Trust

The Agreement and Declaration of Trust shall be known as the CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND.

### ARTICLE II

### Definitions

1. "Basic Agreement" means the collective bargaining agreement or other written agreement between the Association, or an Employer and the Union requiring contributions to the Fund.

2. "Participation Agreement" means the written agreement between an Employer and the Fund, allowing the Employer to make contributions to the Fund on behalf of its employees.

3. "Employer" means any person, corporation or partnership who has a collective bargaining agreement in effect with the Union requiring contributions to the Fund and shall include the Union, this Trust and other Mid Central Illinois District Council of Carpenters Trust Funds when same contribute on behalf of its Employees. Further, Employer means any person, corporation or partnership who has a Participation Agreement with the Fund.

4. "Employee" means any person in the employ of an Employer who is covered under a collective bargaining agreement in effect with the Union, and on whose behalf the Employer is required to make contributions to the Fund, and shall include paid Employees of the Union, this Trust and other Mid Central District Council of Carpenters Trust Funds who are regularly employed not less than forty (40) hours per week. Further, Employee means any person in the employ of an Employer who has a Partic-ipation Agreement in effect with the Fund, and on whose behalf the Em-ployer is allowed to make contributions to the Fund.

5. "Trustees" means the Trustees of this Agreement and Declara-tion of Trust, together with their successors designated in the manner provided by paragraph 10 of Article VI of this Agreement and Declara-tion of Trust.

6. "Policies" means the policy or policies of insurance issued pursuant to this Agreement and Declaration of Trust and accepted by the Trustees as part of the Fund and all other policies of insurance ac-cepted by the Trustees as part of such Fund. The term "Policy" or "Pol-icies", as used herein, shall be deemed to include any amendments or riders attached to such Policy or Policies.

7. "Employer Contributions" means payments by Employers to the Fund as provided by the Basic Agreement or the Participation Agreement.

8. "Fund" means the trust estate of the Central Illinois Carpen-ters Health and Welfare Trust Fund which shall consist of all policies, together with all dividends, refunds or other sums payable to the Trus-tees on account of such Policies, all investments made and held by the Trustees, all monies received by the Trustees as Employer Contributions or as income from investments made and held by the Trustees or other-wise, and any other property received and held by the Trustees for uses, purposes and trusts set forth in this Agreement and Declaration of Trust.

9. "Retired Employee" means a person on whose behalf an Employer is no longer required to make contributions to the Fund because of such person's retirement from active employment with that Employer because

-2-

of age or disability.

## ARTICLE III

### Purpose of the Trust and Application of the Fund

1.    The Fund is created for the purpose of providing such amounts of health and welfare benefits for Employees, Retired Employees and their dependents, as the Trustees may determine.

2.    The Trustees shall use and apply the Fund for the following purposes:

(a)    To pay or provide for the payment of all reasonable and necessary expenses of collecting Employer Contributions and administering the affairs of the Fund, including, but without limitation, all reasonable expenses which may be incurred in connection with the establishment of the Fund, the employment of such administrative, legal, expert and clerical assistance, the leasing of such premises and the purchase or lease of such material, supplies and equipment as is reasonable and necessary.

(b)    To pay or provide for the payment of premiums on the Policy or Policies when such premiums shall become due.

(c)    To establish and accumulate as part of the Fund an adequate reserve to carry out the purpose of the Trust.

(d)    To provide for any welfare benefits directly from monies of the Fund as the Trustees may determine.

3.    All monies received by the Trustees hereunder as part of the Fund shall be deposited by them in such bank or banks as the Trustees may designate for that purpose and all withdrawals of monies from such bank or banks shall be made only by check signed by a person or persons authorized by the Trustees to sign and countersign. The Trustees shall invest and reinvest such part of the Fund with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would do in the conduct of an enterprise of a like character and with like aims. The Trustees shall diversify investments of the Fund so as to minimize the risk of large losses, unless, under the circumstances, it is clearly prudent not to do so.

4.    Every Trustee of the Trust and every person who handles funds or other property of the Fund shall be bonded for each fiscal year of the Trust in an amount not less than that which is required by applicable federal law or regulations.

-3-

## ARTICLE IV

### Collection of Contributions

The Trustees shall have the power to demand, collect, sue for and receive (i) Employer contributions, (ii) Employee contributions and (iii) contributions payable under any Reciprocity Agreement between other Health and Welfare Trust Funds and the Trustees, and shall hold such monies as part of the Fund for the purpose specified in paragraph 1 of Article III hereof.  In accordance with the policy of the Trustees, any Employer or Employee who fails to make contributions to the Fund, as required, shall be liable for interest on the unpaid contribution, liquidated damages in an amount not to exceed twenty percent (20%) of the unpaid contribution and costs of collecting the unpaid contribution, including reasonable attorney fees.

## ARTICLE V

### Administration of the Fund

The Fund shall be administered by ten (10) Trustees who shall have authority to control and manage the operation and administration of the Fund.  Five (5) Trustees shall be designated  as Employer Trustees, and five (5) Trustees shall be designated as Employee Trustees.   The five (5) Employer Trustees shall be chosen by the five (5) Associations who are signatories to this Agreement and Declaration of Trust as follows: Central Illinois Builders of A.G.C. shall choose one (1) Employer Trustee, McLean County Contractor Group shall choose one (1) Employer Trustee, Associated General Contractors of Illinois shall choose one (1) Employer Trustee, Builders Association of Tazewell County shall choose one (1) Employer Trustee and Greater Peoria Contractors and Suppliers Association shall choose one (1) Employer Trustee.  The five (5) Employee Trustees shall be chosen by the four (4) Local Unions under the jurisdiction of the Mid Central Illinois District Council of Carpenters AFL-CIO and the Mid Central Illinois District Council of Carpenters AFL-CIO as follows: Local Union #63 (Bloomington, Illinois) shall choose one (1) Employee Trustee, Local Union #183 (Peoria, Illinois) shall choose one (1) Employee Trustee, Local Union #644 (Pekin, Illinois) shall choose one (1) Employee Trustee, Millwright Local #1051 (Springfield, Illinois) shall choose one (1) Employee Trustee, and the Mid Central Illinois District Council of Carpenters AFL-CIO shall choose one (1) Employee Trustee.  One (1) of the Trustees shall be appointed as Chairman of the Fund, and one (1) of the Trustees shall be appointed as Secretary-Treasurer, provided, however, that, if the Chairman is an Employer Trustee, then the Secretary-Treasurer shall be an Employee Trustee and, if the Chairman is an Employee Trustee, then the Secretary-Treasurer shall be an Employer Trustee.  The Trustees may appoint an Administrator, who shall serve at the pleasure of the Trustees.

-4-

## ARTICLE VI

### Concerning the Trustees

1.    The Trustees shall establish a Welfare Plan to provide bene-
fits thereunder for Employees, Retired Employees and their dependents.
The Trustees shall have the power to determine the conditions of eli-
gibility, benefits to be paid and to construe the provisions under
such Welfare Plan.

2.    The Trustees shall have power to construe the provisions of
this Agreement and Declaration of Trust and the terms used herein.

3.    The Trustees shall not receive compensation for the perfor-
mance of their duties, but shall be reimbursed for expenses properly
and actually incurred in the performance of their duties as Trustees.

4.    The Trustees shall promulgate such rules and regulations as
may be necessary for the sound and efficient administration of the Fund
and the Welfare Plan.   The Trustees shall establish a Claims Procedure
which shall provide adequate notice, in writing, to any participant or
beneficiary whose claim for benefits has been denied, setting forth the
specific reason for such denial, written in a manner calculated to be
understood by the participant, and afford a reasonable opportunity to
any participant or beneficiary whose claim for benefits has been denied
for a full and fair review by the Trustees of the decision denying the
claim.

5.    The Trustees may enter into Reciprocity Agreements with other
Health and Welfare Trust Funds.

6.    The Trustees shall keep true and accurate books of account and
records of all their transactions, which shall be audited annually, or
oftener, by a certified public accountant.   A statement of the results
of such audit shall, at all times, be available for inspection by in-
terested persons at the principal office of the Fund, and the Trustees
shall make such reports and filings as are required by law.

7.    Each Trustee shall continue to serve as such until his death,
incapacity, resignation or removal as herein provided.

8.    A Trustee may resign upon giving thirty days' notice in writ-
ing to the remaining Trustees, or such shorter notice as the remaining
Trustees may accept as sufficient.   The resignation shall take effect
on the date specified in the notice, unless a successor Trustee shall
have been appointed at an earlier date, in which event such resigna-
tion shall take effect immediately upon the appointment of such suc-
cessor Trustee.   A Trustee shall not be liable for a breach of fidu-
ciary duty if such breach was committed before he became a fiduciary

-5-

or after he ceased to be a fiduciary.

9. An Employer Trustee may be removed from office at any time by a resolution of the Board of Directors of the Association, which chose such Employer Trustee, duly certified by the President of such Association and delivered to all of the Employer Trustees. An Employee Trustee may be removed from office at any time by a resolution of the Executive Board of the Local Union or District Council, which chose such Employee Trustee, duly certified by the President of such Local Union or District Council and delivered to all of the Employee Trustees.

10. (a) In case any of the Employer Trustees shall die, become incapable of acting hereunder, resign or be removed, a successor Employer Trustee shall immediately be appointed by the Association who nominated such Employer Trustee, through a resolution of the Board of Directors, thereof duly certified by the President thereof. If a successor Employer Trustee is not appointed by the Association who nominated such Employer Trustee within sixty (60) days after the death, incapacity, resignation or removal of the Employer Trustee, then the remaining Employer Trustees serving hereunder shall have the authority to appoint a successor Employer Trustee to represent said Association.

(b) In case any of the Employee Trustees shall die, become incapable of acting hereunder, resign or be removed, a successor Employee Trustee shall be immediately appointed by the Local Union or District Council, who nominated such Employee Trustee, through a resolution of the Executive Board of the Local Union or District Council, duly certified by the President thereof. If a successor Employee Trustee is not appointed by the Local Union or District Council who nominated such Employee Trustee within sixty (60) days after the death, incapacity, resignation or removal of the Employee Trustee, then the remaining Employee Trustees serving hereunder shall have the authority to appoint a successor Employee Trustee to represent said Local Union or District Council.

(c) It is the intention hereof that the Fund shall, at all times, be administered by an equal number of Employer Trustees and Employee Trustees but, until the appointment of a successor Trustee or Trustee as hereinabove provided, the remaining Trustees shall have full power to act, provided that, at all times, there shall be at least three (3) Employer Trustees and three (3) Employee Trustees.

11. Any successor Employer Trustee or any successor Employee Trustee shall immediately, upon his appointment as a successor Trustee and his acceptance of the Trusteeship in writing, become vested with all the · property, rights, power and duties of a Trustee hereunder with like effect as if originally named as a Trustee.

12. (a) Except as provided under paragraph 1 of Article VIII, action may be taken by the Trustees by a majority vote of the Trustees

-6-

attending a meeting of the Trustees. At least three (3) Employer Trustees and three (3) Employee Trustees must be present at a meeting at which time such action is taken. Any and all actions so taken shall have the same effect and force as if taken by all of the Trustees.

(b)    The Chairman or Secretary-Treasurer of the Trustees may call a meeting of the Trustees at any time by giving at least five (5) days' written notice of the time and place thereof to the remaining Trustees. Any three (3) Trustees may call a meeting of the Trustees at any time by giving at least ten days' written notice of the time and place thereof to the remaining Trustees. Meetings of the Trustees may also be held at any time without notice if all of the Trustees consent thereto.

(c)    Action by the Trustees may also be taken by them in writing without a meeting, provided, however, that, in such cases, there shall be unanimous written concurrence by all of the Trustees then in office, including at least three (3) Employer Trustees and three (3) Employee Trustees.

(d)    If the Trustees are unable to agree on any necessary action within ten (10) days, the matter shall be settled by arbitration in accordance with the procedures established by Title 29, Section 186(c) (5) (B) of The United States Code.

13.    The Trust and the Trustees shall be bound by the signature of any two (2) Trustees, one of whom shall be an Employer Trustee and one of whom shall be an Employee Trustee, provided such Trustees are acting pursuant to authority granted them by the Board, and all persons, partnerships, corporations or associations may reply thereon that such instrument has been duly authorized.

14.    All suits and proceedings to recover Employer Contributions, or to enforce or protect any other right, demand or claim on behalf of the Trustees shall be instituted by the Chairman in his capacity as such, or by any two (2) Trustees, one of whom shall be an Employer Trustee and one of whom shall be an Employee Trustee, provided the Chairman and the Employer Trustee and Employee Trustee are acting pursuant to directions of the Board.

15.    Each Trustee shall have one (1) vote on all matters, provided, however, if there are an unequal number of Employee Trustees and Employer Trustees present at any meeting, then, and in that event, the group of Trustees being the lesser in number shall be entitled to cast an equal number of votes as the group that has the larger number present at any such meeting.

16.    The Trustees may purchase and provide insurance for any fiduciary of the Fund or for the Trust to cover liabilities or losses which may, or could, occur by reason of the act or omission of any such fiduciary, if such insurance permits recourse by the insurer

or after he ceased to be a fiduciary.

9. An Employer Trustee may be removed from office at any time by a resolution of the Board of Directors of the Association, which chose such Employer Trustee, duly certified by the President of such Association and delivered to all of the Employer Trustees. An Employee Trustee may be removed from office at any time by a resolution of the Executive Board of the Local Union or District Council, which chose such Employee Trustee, duly certified by the President of such Local Union or District Council and delivered to all of the Employee Trustees.

10. (a) In case any of the Employer Trustees shall die, become incapable of acting hereunder, resign or be removed, a successor Employer Trustee shall immediately be appointed by the Association who nominated such Employer Trustee, through a resolution of the Board of Directors, thereof duly certified by the President thereof. If a successor Employer Trustee is not appointed by the Association who nominated such Employer Trustee within sixty (60) days after the death, incapacity, resignation or removal of the Employer Trustee, then the remaining Employer Trustees serving hereunder shall have the authority to appoint a successor Employer Trustee to represent said Association.

(b) In case any of the Employee Trustees shall die, become incapable of acting hereunder, resign or be removed, a successor Employee Trustee shall be immediately appointed by the Local Union or District Council, who nominated such Employee Trustee, through a resolution of the Executive Board of the Local Union or District Council, duly certified by the President thereof. If a successor Employee Trustee is not appointed by the Local Union or District Council who nominated such Employee Trustee within sixty (60) days after the death, incapacity, resignation or removal of the Employee Trustee, then the remaining Employee Trustees serving hereunder shall have the authority to appoint a successor Employee Trustee to represent said Local Union or District Council.

(c) It is the intention hereof that the Fund shall, at all times, be administered by an equal number of Employer Trustees and Employee Trustees but, until the appointment of a successor Trustee or Trustee as hereinabove provided, the remaining Trustees shall have full power to act, provided that, at all times, there shall be at least three (3) Employer Trustees and three (3) Employee Trustees.

11. Any successor Employer Trustee or any successor Employee Trustee shall immediately, upon his appointment as a successor Trustee and his acceptance of the Trusteeship in writing, become vested with all the property, rights, power and duties of a Trustee hereunder with like effect as if originally named as a Trustee.

12. (a) Except as provided under paragraph 1 of Article VIII, action may be taken by the Trustees by a majority vote of the Trustees

-6-

against the fiduciary in the case of a breach of a fiduciary obligation by such fiduciary.

17.    The Administrater shall be the agent for legal service of process for purposes of the Fund.  If an Administrator has not been appointed by the Trustees, then the Chairman of the Fund shall be the agent for legal service.

## ARTICLE VII

### Termination of Individual Employers

1.    The Trustees shall have the power in their discretion to terminate the relationship of an Employer as a party to this Agreement and Declaration of Trust whenever the Employer fails to make an Employer Contribution on the date when due or within the period of time allowed for the payment thereof.  An Employer shall also cease to be a party to this Agreement and Declaration of Trust whenever such Employer no longer qualifies as an Employer as defined in paragraph 2 of Article II hereunder.

2.    Any provision to the contrary notwithstanding, the Trustees may, for the purpose of any one or more of the coverages provided under its Welfare Plan, continue with an Employer whose collective bargaining agreement with the Union has terminated, for a limited period thereafter as specified herein, as an Employer is defined in paragraph 2 of Article II hereunder.

## ARTICLE VIII

### Amendments

1.    This Agreement and Declaration of Trust and the Welfare Plan, established by the Trustees, may be amended to any extent at any time, or from time to time, by the vote of six (6) Trustees, three (3) of whom shall be Employer Trustees and three (3) of whom shall be Employee Trustees, except that no amendment shall divert the Fund as then constituted or any part thereof, to a purpose other than as set forth in paragraph 1 of Article III of this Agreement and Declaration of Trust, nor shall there be any amendment as a result of which there would not be an equal number of Employee Trustees and Employer Trustees.

2.    Any action taken by the Trustees pursuant to paragraph 1 of this Article VIII may be taken either at a meeting called in accordance with the provisions of paragraph 12 of Article VI of this Agreement and Declaration of Trust, or in writing without a meeting.

3.    No amendment effecting the rights of a party signatory to ap-

-8-

point a Trustee under this Agreement and Declaration of Trust is ef-
fective until such party signatory consents to such amendment.

ARTICLE IX

## Termination of This Trust

1.    This Trust may be terminated when there is no longer in force
a Basic Agreement between Association, or any Employer and the Union
requiring Employer payments for the purpose hereinabove provided.

The Trust may be terminated at any time by the unanimous vote
of all Trustees provided, at that time, under this Agreement and Dec-
laration of Trust, and such action may be taken either at a meeting
called in accordance with the provisions of paragraph 12 of Article VI
of this Agreement and Declaration of Trust, or in writing without a
meeting.    The Trust may also be terminated by:

    (a)    A resolution of the Executive Board of the Union,
           and
    (b)    Concurring resolutions of the Board of Directors
           of all the Associations.

2.    In the event of termination of the Trust, the Trustees shall
apply the Fund to pay any and all obligations of the Trust, and distrib-
ute and apply any remaining surplus in such manner as will not contra-
vene any provision of applicable law.    In no event will any remaining
surplus of the Fund revert to any Employer or Union.

3.    Upon termination of the Trust, the Trustees shall forthwith
notify each Employer, and shall continue as Trustees for the purpose
of dissolution, and may take action with regard to any Policy or Pol-
icies which may be appropriate or required by the insurance carrier or
carriers of such Policy or Policies.    In any such action by the Trustees,
the insurance carrier or carriers of the Policy or Policies may rely up-
on the signature of a majority of all the Trustees then in office under
this Agreement and Declaration of Trust.

ARTICLE X

## Miscellaneous Provisions

1.    Each Employer and the Union shall promptly furnish to the Trus-
tees on demand such payroll information and data with respect to the
individual Employees benefiting from this Agreement and Declaration of
Trust that the Trustees may require in connection with the administra-
tion of the Trust.    The Trustees, or their authorized representatives,
may examine the pertinent payroll records of each Employer with respect

-9-

to the individual Employees benefiting from this Agreement and Declaration of Trust whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.

2. No Employee, nor any person claiming by or through such Employee by reason of having been named a beneficiary in a certificate, or otherwise, nor any Employer nor the Union or any other persons, partnership, corporation or association shall have any right, title or interest in or to the Fund or any part thereof.

3. No persons, partnership, corporation or association dealing with the Trustees shall be obligated to see to the application of any funds or property of the Trust or to see that the terms of the Trust have been complied with or be obliged to inquire into the necessity or expediency of any act of the Trustees, and every instrument effected by the Trustees shall be conclusive in favor of any person, partnership, corporation or association relying thereon that:

      (a)  at the time of the delivery of said instrument, the Trust was in full force and effect;
      (b)  the Trustees were duly authorized and empowered to execute such instrument; and
      (c)  said instrument was effected in accordance with the terms and conditions of this Agreement and Declaration of Trust.

## ARTICLE XI

### Situs and Construction of Trust

1. To the extent state law shall not have been pre-empted by the provisions of the Employee Retirement Income Security Act of 1974 or any other laws of the United States heretofore or hereinafter enacted, as the same may be amended from time to time, this Agreement and Declaration of Trust shall be administered, construed and enforced according to the laws of the State of Illinois.

2. Wherever any words are used in this Agreement and Declaration of Trust in the masculine gender, they shall be construed as though they were also used in the feminine or neuter gender in all situations where they would so apply, and wherever any words are used in this Agreement and Declaration of Trust in the singular form, they shall be construed as though they were also used in the plural form in all situations where they would so apply, and wherever any words are used in this Agreement and Declaration of Trust in the plural form, they shall be construed as though they were also used in the singular form in all situations where they would so apply.

-10-

## ARTICLE XII

### Subrogation

In the event of any payment of welfare benefits under Policies or directly by the Fund, the Trustees shall be subrogated to all the rights of recovery therefore which the person receiving such payment may have against any party, and such person shall do whatever is necessary to secure such rights.

IN WITNESS WHEREOF, the parties hereto have hereunto set their
hand as of this _24th_ day of _MARCH_, 1988.

BUILDERS ASSOCIATION OF TAZEWELL COUNTY

By: _____

CENTRAL ILLINOIS BUILDERS OF A.G.C.

By _____

McLEAN COUNTY CONTRACTORS GROUP

By: _____

GREATER PEORIA CONTRACTORS AND SUPPLIERS
ASSOCIATION

By: _____

ASSOCIATION GENERAL CONTRACTORS OF ILLINOIS

By: _____

MID CENTRAL ILLINOIS DISTRICT COUNCIL
OF CARPENTERS

By: _____
PRESIDENT

By: _____
SECRETARY

-12-

IN WITNESS WHEREOF, the undersigned, being all of the Trustees of the CENTRAL ILLINOIS DISTRICT COUNCIL OF CARPENTERS HEALTH AND WELFARE TRUST FUND, have hereto set their hands as of the 24th day of _____ March_____, 1988.

-13-