E-FILED
Tuesday, 20 June, 2006  02:35:58 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP FUND, CENTRAL ILLINOIS CARPENTERS ANNUITY FUND, and CARPENTERS LOCAL 183, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )    No. 05-3135 ) |
| ROBERT UNES d/b/a R.J. UNES CONSTRUCTION, | ) ) ) ) |
| Defendant. | ) |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

NOW COME Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND *et al.*, by and through its attorneys, Cavanagh & O'Hara, and moves for an Order of this Court enforcing the Settlement Agreement entered into with the Defendant, ROBERT UNES d/b/a R.J. UNES CONSTRUCTION, and in support thereof, states:

1. That the Complaint in this matter was filed on May 31, 2005.

2. That on June 17, 2005, Robert Unes, Owner of R.J. CONSTRUCTION, was duly served by Peoria County Sheriff, with said Complaint and Summons.

3. That on December 27, 2005, Defendant entered into a Promissory Note and Settlement Agreement (hereinafter "Agreement") whereby he agreed to repay all amounts due the Plaintiffs. Attached hereto and incorporated herein, as **Exhibit "1",** is the Promissory Note

1

and Settlement Agreement.

4.      That as a condition within the Agreement, Defendant agreed that Plaintiff possesses a security interest in certain collateral, and that upon default of the terms and conditions of the Agreement, that Plaintiff is entitled to "choose to collect, take legal and physical possession, and liquidate said items by sale, with the proceeds of such sale to be applied towards the sums owed under the Agreement."

5.      That attached and made a part of the Agreement is an Exhibit "A", listing the items of collateral to which Plaintiff possesses a security interest.

6.      The parties further agreed within the Stipulation to Dismiss this cause, filed on February 15, 2006, that the District Court shall retain jurisdiction pursuant to the case of Kokkenen v. Guardian Life Insurance Company of America, 511 U.S. 375 (1994), to enforce the terms of the Agreement. Attached hereto and incorporated herein, as **Exhibit "2"**, is the Stipulation to Dismiss.

7.      That Defendant is over four [4] months behind in the payments scheduled within the Agreement, and has otherwise failed to remain current on making the payments towards the Agreement and is therefore in default of same.

8.      That as a result of Defendant's default, Plaintiff is entitled to all sums due under the Agreement minus any payments received, of which said amount currently stands at $36,829.35.

9.      That under the terms of the Agreement, Defendant is further obligated to provide Plaintiff with full legal and physical possession of the collateral listed in exhibit "A" for the purposes of a liquidation sale, including legal title and unhindered access to the collateral by

Plaintiff or agents thereof; further, that all proceeds of said liquidation sale will be applied towards the sums due under the Agreement.

10. That the Plaintiffs are entitled to its attorney fees incurred in this matter. Attached hereto and incorporated herein, as **Exhibit "3"**, is the Amended Affidavit in Support of Attorney Fees of Britt W. Sowle.

WHEREFORE, Plaintiffs prays that the Court:

A. Enter an Order against the Defendant, ROBERT UNES d/b/a R.J. UNES CONSTRUCTION., to remit to Plaintiffs audit liability due, liquidated damages, interest, and audit costs after defaulting on the executed Promissory Note and Settlement Agreement in the amount of $36,829.35;

B. That Defendant be decreed to pay to the Plaintiffs its attorney fees to date in the amount of $4,559.33, as provided by ERISA, 29 U.S.C. Section 1132(g)(2) and the terms of the Promissory Note and Settlement Agreement;

C. That as part of the Order, Plaintiff be granted full legal and physical possession of the collateral listed in the Agreement, and that Plaintiff and/or its agents be granted unhindered access to said collateral for the purpose of effectuating a liquidation sale;

D. That Plaintiff be awarded the amounts due for any additional months in which contributions, at the time this Order is entered, have not been remitted to the Fund, plus reasonable attorneys fees incurred by Plaintiffs in prosecuting this claim.

E. That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiffs, particularly to furnish to the Plaintiffs the required contribution reports and payments heretofore referred to;

F.    That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, *et al.*, Plaintiffs,

By: s/ Britt W. Sowle

BRITT W. SOWLE
**Cavanagh & O'Hara**
Attorneys for Plaintiffs
1609 North Illinois Street
Swansea, Illinois 62226
Telephone:    (618)222-5945
Fax:               (618)222-6755
britt@cavanagh-ohara.com
