IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS )<br>HEALTH & WELFARE TRUST )<br>FUND, MID-CENTRAL ILLINOIS )<br>REGIONAL COUNCIL OF )<br>CARPENTERS, MID-CENTRAL )<br>ILLINOIS REGIONAL COUNCIL )<br>OF CARPENTERS )<br>APPRENTICESHIP FUND, )<br>CENTRAL ILLINOIS CARPENTERS )<br>ANNUITY FUND, and )<br>CARPENTERS LOCAL 183, )<br>                         )<br>     Plaintiffs, )<br>                         )<br>v.    )<br>                         )<br>ROBERT UNES, d/b/a R.J. UNES )<br>CONSTRUCTION, )<br>                         )<br>     Defendant. ) | No. 05-3135 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs' Motion to Enforce Settlement Agreement (d/e 14). The Court directed the Defendant Robert Unes, d/b/a/ R.J. Unes Construction (Unes), to respond to the Motion by July 28, 2006, or the Court would presume that Unes had no objection to

1

the Motion. Text Order entered July 14, 2006, Local Rule 7.1(B)(2). Unes has not filed a response. The Court, therefore, assumes that Unes has no objection to the Motion. The Court has reviewed said Motion and other pleadings, and determined that the Complaint has been duly filed and served upon Unes. The parties stipulated to a dismissal without prejudice and to the Court's retention of jurisdiction to enforce the Settlement Agreement attached to the Stipulation. Stipulation of Dismissal (d/e 12), and attached Settlement Agreement (Agreement) and Promissory Note (Note). Unes failed to abide by the Agreement.

THEREFORE, the Motion to Enforce Settlement Agreement (d/e 14) is ALLOWED. The Court hereby orders the following:

A.  Defendant, ROBERT UNES, d/b/a R.J. UNES CONSTRUCTION, is ordered to remit to Plaintiffs audit liability due, liquidated damages, interest, and audit costs after defaulting on the executed Note and Agreement in the amount of $36,829.35;

B.  Defendant is ordered to pay to the Plaintiffs their attorney fees to date in the amount of $4,559.33, as provided by ERISA, 29 U.S.C. Section 1132(g)(2) and the terms of the Note and Agreement;

C.  Plaintiffs are granted full legal and physical possession of the collateral

      listed in Exhibit A to the Agreement and Note, and that Plaintiffs and/or their agents are hereby granted unhindered access to said collateral for the purpose of effectuating a liquidation sale;

D.      Plaintiffs are awarded the amounts due for any additional months in which contributions, at the time this Order is entered, have not been remitted to the Fund, plus reasonable attorneys fees incurred by Plaintiffs in prosecuting this claim; and

E.      Defendant is specifically required to perform and continue to perform all his obligations to the Plaintiffs under the Agreement and Note, particularly to furnish to the Plaintiffs the required contribution reports and payments as set forth in paragraphs 1 and 3 of the Agreement.

IT IS THEREFORE SO ORDERED.

ENTER: September 19, 2006.

      FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE